**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| SUNDANCE BOTANICALS, LLC<br><br>       Plaintiff,<br><br>  v.<br><br>THE POWER OF ELDERBERRIES, LLC<br><br>       Defendant. | Civil Action No. 2:20-cv-141<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**

Plaintiff Sundance Botanicals, LLC ("Sundance"), by its attorneys, Steptoe & Johnson LLP and Barnes & Thornburg LLP, complains and alleges against defendant The Power of Elderberries, LLC ("The Power of Elderberries" or "Defendant"), as follows:

**NATURE OF THE DISPUTE**

1. Sundance brings this suit against The Power of Elderberries for trademark infringement, unfair competition, and the use of false designations of origin pursuant to Sections 32(1)(a) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a) and the common law of Indiana. Sundance seeks an injunction and damages arising from The Power of Elderberries' knowing and intentional conduct. On information and belief, The Power of Elderberries has modeled its holistic and wellness business of selling THE POWER OF ELDERBERRIES elderberry syrup, a close imitation of the Sundance ELDERPOWER mark, for the same goods that Sundance sells in connection with the ELDERPOWER mark, through the same channels of trade and to the same consumers to which Sundance sells its ELDERPOWER elderberry syrup. The intentional nature of Defendant's conduct is evidenced by a number of factors, in addition to

the confusingly similar name, including use of a similar font, use of a similar bottle shape, color and size, and the use of an arrow design in the marketing, promotion and sale of its infringing products.  Because The Power of Elderberries' conduct is knowing and intentional, Sundance is also entitled to its damages, The Power of Elderberries' profits, and Sundance's attorneys' fees.

2. The Power of Elderberries, by using close imitations of the ELDERPOWER mark on its products, is intentionally exploiting the goodwill associated Sundance and with Sundance's ELDERPOWER trademark for its own commercial gain.  The Power of Elderberries' blatant use of a confusingly similar mark on elderberry syrup products infringes Sundance's trademarks, confuses consumers, and unfairly competes with Sundance.

## THE PARTIES

### A. Sundance

3. Sundance is a limited liability company organized and existing under the laws of Indiana with a principal place of business at 122 N. Woodland Drive, LaPorte, Indiana 46350. Sundance is engaged, *inter alia*, in the sale and distribution in interstate commerce, including within this judicial district, of elderberry syrups.  Sundance sells its elderberry syrups through retail locations, including in dozens of stores in multiple states, and through its website, sundancebotanicals.com.

4. Sundance is the sole and exclusive distributor in the United States of elderberry syrups bearing the ELDERPOWER mark.

B. **Defendant**

5. Upon information and belief, defendant The Power of Elderberries is a limited liability company incorporated in the State of South Carolina and has its principal place of business at 1064 Balmore Drive, Myrtle Beach, South Carolina 29579.

C. **Jurisdiction and Venue**

6. This action is based on Section 32(1)(a) of the United States Trademark Act of 1946, as amended, (the "Lanham Act"), 15 U.S.C. § 1114, Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and the common law of the State of Indiana.

7. This Court has subject matter jurisdiction over this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1332 and 1338(a) for the claims arising out of the violations of Sections 32(1)(a) and 43(a) of the Lanham Act; has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for the claims arising under the common law of the State of Indiana; and has jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 for the claims under the common law of unfair competition.

8. This Court has personal jurisdiction over The Power of Elderberries because it transacts business in this judicial district including by and through the marketing and sale of its THE POWER OF ELDERBERRIES elderberry syrup products to the retail store BUN's Soapbox located at 506 E Lincolnway, Valparaiso, IN 46383 and its offer for sale of its THE POWER OF ELDERBERRIES elderberry syrup across the country through its thepowerofelderberries.com website and through social media.

9. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this district.

**FACTUAL BACKGROUND**

A. **Sundance and the ELDERPOWER Trademark**

10. In 2012, Sundance founder, Kristina Fattore, a Registered Nurse located in LaPorte, Indiana, with more than 10 years of acute-care nursing experience, began to pursue her passion for natural and holistic wellness. This led her to manufacture organic nutritional supplements first for her family and then for others. Elderberry syrup was a natural choice for her to market because this kind of syrup is a well-known immunity booster with antioxidants and amino acids that help lower cholesterol, support vision and heart health, and serving as a home remedy for treating colds and the flu, seasonal allergies, sciatica, arthritis and asthma.

11. Ms. Fattore selected the ELDERPOWER name in 2012 to identify her elderberry syrup and began to market it to family, friends and the public for sale. Ms. Fattore handcrafts every batch of ELDERPOWER elderberry syrup, brewing the berries with the highest-quality USDA-certified-organic ingredients, including locally sourced raw honey. Unlike other brands, ELDERPOWER elderberry is small-batch, artisanal-style elderberry syrup with third-party lab testing, 700+ mg organic black elderberries per serving, no powder sediment, and no added preservatives. The ELDERPOWER elderberry syrup is not bottled at extremely high temperatures, and requires refrigeration upon arrival. All of these qualities produce the highest quality smaller batch hand-brewed elderberry syrup for its customers.

12. Around December 2014, Ms. Fattore marketed the ELDERPOWER elderberry syrup under the Loving Earth Remedies company name. Ms. Fattore formalized her business into a limited liability company called Sundance Botanicals, LLC in October 2015, and sold her ELDERPOWER elderberry syrup through retail locations, shows and markets, social media and the sundancebotanicals.com website. Through the Sundance website, Sundance advertised

ELDERPOWER elderberry syrup and was able to fulfill orders for ELDERPOWER elderberry syrup to individuals across the country.  In 2015, Sundance shipped ELDERPOWER elderberry syrup to customers in several states, growing rapidly and adding more than 22 retail stores by 2016.  Today, Sundance sells its ELDERPOWER elderberry syrup across the country through approximately 80 retail outlets that carry its ELDERPOWER elderberry syrup, its website, its social media advertising, its attendance at many shows and markets, and its summer travels throughout multiple states.

13. Sundance owns a federal registration for the ELDERPOWER mark in the United States Patent and Trademark Office for "Immune boosting nutritional supplements made from elderberries and organic ingredients."  U.S. Registration No. 5,821,635.  Attached as **Exhibit A** is a copy of the registration certificate for U.S. Registration No. 5,821,635.  The registration of the ELDERPOWER mark is in full force and effect.

14. Sundance has continuously used for several years throughout the United States the ELDERPOWER mark and has invested substantial amounts of monetary and human resources to create consumer recognition in the ELDERPOWER mark as well as to ensure that the public associates the ELDERPOWER mark with the high quality elderberry syrup emanating exclusively from Sundance.

B. **Defendant's Infringing THE POWER OF ELDERBERRIES Trademark**

15. On information and belief, in 2018, The Power of Elderberries began to use and has since used the mark THE POWER OF ELDERBERRIES for elderberry syrup, closely mimicking Sundance's ELDERPOWER mark.

16. The POWER OF ELDERBERRIES elderberry syrup is sold through the same channels of trade to the same kinds of purchasers as the ELDERPOWER elderberry syrup: through retail stores, website sales, shows, and social media.  For at least a year, THE POWER

OF ELDERBERRIES elderberry syrup was sold in the BUN Soapbox store in Valparaiso, IN, nearby at least 4 retail locations selling ELDERPOWER elderberry syrup, including a retail outlet located just a few hundred feet away.  Defendant also sells its products across the country through Defendant's website and through social media.

      17.     On information and belief, Defendant had knowledge of Sundance's ELDERPOWER mark and elderberry syrup prior to adopting the elderberry syrup bearing the mark THE POWER OF ELDERBERRIES.  Defendant's bad faith intent to infringe and pray on Sundance's goodwill is demonstrated by the similar design elements, phrases, and advertising that The Power of Elderberries selected for its THE POWER OF ELDERBERRIES elderberry syrup bottles.  Examples are below:

          a.     The Power of Elderberries selected a dark amber glass bottle, having the same overall shape and commercial impression. Defendant's infringing product further emphasizes the name POWER in all capital letters like the word "ELDERPOWER."  Like Sundance's ELDERPOWER mark, the middle line in the Defendant's "E" in "POWER" and "ELDERBERRIES" appears above center, and the letters "P" and "R" in Defendant's word "POWER" are compressed so that the loop is above center, just like the letters "P" and "R" in the ELDERPOWER mark.  In addition to similar font, the words POWER and ELDERBERRIES are the easily viewed words on the label of Defendant's products, with a de-emphasis on the words "the" and "of."  Defendant also follows its product mark with a reference to "Elderberry Syrup" below the trade name.

 

      b.     Sundance promotes its ELDERPOWER product as subject to third party "purity" lab testing.  Defendant makes the same claim with respect to the alleged "purity" of its infringing product, and, on information and belief, only began to make such a claim in its marketing and promotion recently.  Other smaller batch hand-brewed elderberry syrup brands do not advertise that their products are third party tested.  Defendant also only recently added the product strength in milligrams, which has long been a promotional feature by Sundance.

      c.     On November 21, 2019, Sundance marketed and promoted its ELDERPOWER product using the tagline "Down to the very last drop", together with a photo of a young girl drinking ELDERPOWER elderberry syrup.  Days later, on November 26, 2019, The Power of Elderberries posted an almost identical advertisement, featuring the tagline "good to the very last drop" and a picture of a young girl drinking the Defendant's product on social media.

7



        d.        Defendant also adopted an arrow design that Sundance has used for years in connection with its Sundance brand.  Defendant's adoption of an arrow design closely similar to the arrow design used by Sundance is indicative of the bad faith and intent Defendant has in causing consumer confusion.

8

Sundance's arrow design:



Defendant's arrow design:



18. The likelihood of confusion as a result of Defendant's intentional and unauthorized use of an infringing trademark, together with the numerous additional ways that the infringing product has been promoted, marketed, advertised, and sold, as discussed above, is inevitable.

19. Likelihood of confusion is further likely here because so much of Sundance's and Defendant's advertising is online. For example, the Defendant's THE POWER OF

ELDERBERRIES business appears in internet and social media searches for ELDERPOWER and vice versa.

20. On information and belief, Defendant uses its THE POWER OF ELDERBERRIES mark in connection with the marketing, distribution, and sale of its products without the consent or approval of Sundance and with full knowledge of the likely confusion that its use engenders.  Indeed, Sundance has objected to Defendant's use of the mark THE POWER OF ELDERBERRIES, and, yet, despite those objections, Defendant has intentionally and willfully continued to use the THE POWER OF ELDERBERRIES mark with so many additional similarities to the product marketing, both on the product itself and online and through social media in a manner meant to confuse consumers into believing that the THE POWER OF ELDERBERRIES elderberry syrup is Sundance's high quality, renowned ELDERPOWER elderberry syrup or associated with Sundance in some way.

21. On June 8, 2019, The Power of Elderberries filed an application in the United States Patent and Trademark Office for the mark THE POWER OF ELDERBERRIES, Application Serial No. 88/465,204.  Sundance opposed the registration of the mark THE POWER OF ELDERBERRIES in the Trademark Trial and Appeal Board on February 5, 2020.  The Trademark Trial and Appeal Board assigned Opposition No. 91253891 to that proceeding.

22. Defendant's uses THE POWER OF ELDERBERRIES mark in connection with the marketing, distribution, and sale of its products without the consent or approval of Sundance and with full knowledge of the likely confusion that its use engenders.  Indeed, Sundance has objected to Defendant's use of the mark THE POWER OF ELDERBERRIES, and, yet, despite those objections, Defendant has intentionally and willfully continued to use the THE POWER OF ELDERBERRIES mark.  Such continued use, together with the numerous additional

marketing similarities, demonstrates Defendant's bad faith and intent to confuse consumers into believing that the THE POWER OF ELDERBERRIES elderberry syrup is Sundance's high quality, renowned ELDERPOWER elderberry syrup or associated with Sundance in some way.

### FIRST CLAIM FOR RELIEF

### Trademark Infringement in Violation of Section 32 of the Lanham Act

23. Sundance hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 22 above.

24. Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant, a trademark or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the marketing, advertising, distribution, or sale of goods or services which is likely to result in confusion, mistake, or deception.

25. The ELDERPOWER trademark is federally registered.  This marks is distinctive and is associated in the mind of the public exclusively with Sundance.

26. Defendant has used the confusingly similar mark THE POWER OF ELDERBERRIES without Sundance's consent or authorization on the same products: elderberry syrup.

27. Defendant's knowledge and intentional infringement of the ELDERPOWER trademark is shown by its closely similar mark, the design features of the product, the advertising in the marketplace, its continuity of use after objection from Sundance, and its knowledge of the association with Sundance and confusion among customers and potential customers that its use will engender.

28. Defendant's use of the mark THE POWER OF ELDERBERRIES in connection with the marketing, distribution, and sale of the elderberry syrup in interstate commerce, is likely

to cause confusion and mistake in the mind of the public, leading the public to believe that Defendant's products emanate or originate from Sundance, that The Power of Elderberries is Sundance, or that Sundance has approved, sponsored or otherwise associated itself with Defendant and its THE POWER OF ELDERBERRIES elderberry syrup.

29. Through its unauthorized use of the mark THE POWER OF ELDERBERRIES, Defendant is unfairly benefiting from Sundance's advertising and promotion of the ELDERPOWER trademark. Defendant's unauthorized use of the mark THE POWER OF ELDERBERRIES has resulted in substantial and irreparable injury to the public, Sundance, the ELDERPOWER trademark, and Sundance's business reputation and goodwill.

30. Defendant's acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

31. Defendant's acts have caused, and will continue to cause, irreparable injury to Sundance. Sundance has no adequate remedy at law and is thus damaged in an amount not yet determined.

## SECOND CLAIM FOR RELIEF

### False Designations of Origin and False Descriptions and Representations in Violation of Section 43(a) of the Lanham Act

32. Sundance hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 22 above.

33. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits, *inter alia*, the use by a person of a false or misleading designation of origin or representation in connection with the offering for sale and sale of goods which is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of such person with another person, or

which is likely to cause confusion, mistake, or deception as to the origin, source, sponsorship, or approval of such goods.

34. The unauthorized use, in interstate commerce, of the mark THE POWER OF ELDERBERRIES and use of the false or misleading designations of origin and false representations in connection with the distribution, offering for sale, and sale of goods that are likely to cause confusion, mistake or deception as to the affiliation or connection of Defendant with Sundance and as to the origin, sponsorship, association or approval of The Power of Elderberries' goods by Sundance violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. Defendant's wrongful acts will continue unless enjoined by this Court.

36. Defendant's acts have caused, and will continue to cause, irreparable injury to Sundance.  Sundance has no adequate remedy at law and is thus damaged in an amount not yet determined.

## THIRD CLAIM FOR RELIEF

### Trademark Infringement in Violation of Common Law

37. Sundance hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 22 above.

38. By the acts described above, Defendant has engaged in trademark infringement in violation of the common law of the State of Indiana.

39. Defendant's acts have caused, and will continue to cause, irreparable injury to Sundance.  Sundance has no adequate remedy at law and is thus damaged in an amount not yet determined.

## FOURTH CLAIM FOR RELIEF

### Unfair Competition in Violation of Common Law

40. Sundance hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 22 above.

41. By the acts described above, Defendant has intentionally engaged in unfair competition in violation of the common law of the State of Indiana.

42. Defendant's acts have caused, and will continue to cause, irreparable injury to Sundance. Sundance has no adequate remedy at law and is thus damaged in an amount not yet determined.

**WHEREFORE**, Sundance prays:

A. For judgment that Defendant:

    (i) has infringed the ELDERPOWER mark in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a);

    (ii) has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

    (iii) has engaged in trademark infringement in violation of the common law of the State of Indiana; and

    (iv) has engaged in unfair competition in violation of the common law of the State of Indiana.

B. That a preliminary and permanent injunction be issued enjoining and restraining Defendant and its officers, agents, servants, employees and attorneys and all those in active concert or participation with them, from:

    (i) Using the mark THE POWER OF ELDERBERRIES or any other reproduction, counterfeit, copy or colorable imitation of the ELDERPOWER trademark on or in connection with any goods or services;

(ii) Engaging in any course of conduct likely to cause confusion, deception or mistake, or to dilute the distinctive quality of the ELDERPOWER trademarks;

(iii) Using any false designation or representation of origin in connection with the offering for sale or sale of goods or false description or representation including words or other symbols tending falsely to describe or represent The Power of Elderberries as Sundance or associated with or connected to Sundance, or The Power of Elderberries' goods or their packaging as being those of Sundance, or sponsored by or as being associated with Sundance, and from offering such goods into commerce;

(iv) Using any simulation, reproduction, counterfeit, copy or colorable imitation of the ELDERPOWER trademark in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, importation, circulation, or distribution of any products or their packaging;

(v) Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, advertised, promoted, offered for sale or sold by The Power of Elderberries are in any manner associated or connected with Sundance, or that The Power of Elderberries is Sundance or are associated with or connected to Sundance;

(vi) Destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importation, manufacture, production, distribution, circulation, sale, marketing, offer for sale, advertising, promotion, rental or display of all unauthorized products which infringe the ELDERPOWER trademark; and

(vii) Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i) through (vi).

C. For the entry of an order directing Defendant to deliver up for destruction to Sundance all products, advertisements, promotional materials, and packaging in its possession or under its control bearing any of the THE POWER OF ELDERBERRIES trademark, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, or any false designation of origin or false representation, and all plates, molds, matrices and other means of production of same pursuant to 15 U.S.C. § 1118.

D. For the entry of an order directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that The Power of Elderberries or any products or associated packaging manufactured, imported, distributed, advertised, promoted, offered for sale, sold or otherwise handled by Defendant are authorized by Sundance or related in any way to Sundance's products or to Sundance.

E. For an award to Sundance of (a) the damages suffered by Sundance, trebled; (b) all profits that Defendant has derived while using the infringing THE POWER OF ELDERBERRIES mark, trebled; (c) costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117.

F. For costs of suit, and for such other and further relief as the Court shall deem appropriate.

## JURY DEMAND

Plaintiff, by counsel, and under Fed. R. Civ. P. 38, demands a trial by jury of all issues triable of right by jury.

Dated: April 7, 2020

By: /s/Alice J. Springer
Alice Springer
BARNES & THORNBURG LLP
52700 Independence Court
Suite 150
Elkhart, Indiana 46514
(574) 237-1120
*Attorneys for Plaintiff Sundance Botanicals, LLC*

Of counsel:

By: /s/Rachel M. Hofstatter
Michael J. Allan
James R. Nuttall

16

Rachel M. Hofstatter
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-6749
(212) 429-3902
mallan@steptoe.com
rhofstatter@steptoe.com